**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| DESTREY M. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>HHS CULINARY AND NUTRITION SOLUTIONS, LLC,<br><br>Defendant | Case No.<br><br>**COMPLAINT AND JURY DEMAND** |

COMES NOW Plaintiff Destrey M. Johnson (hereinafter "Plaintiff" or "Johnson"), for his cause of action against Defendant, HHS Culinary and Nutrition Solutions, LLC (hereinafter "HHS" or "Defendant"), and hereby states and alleges the following:

## NATURE OF THE ACTION

1. This is an action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 2000e *et seq.,* and the Nebraska Fair Employment Practices Act, (NFEPA), challenging HHS's unlawful disability discrimination against Johnson.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over these claims pursuant to 28 U.S.C. §1331 and concurrent jurisdiction under the state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

4. The events or omissions giving rise to these claims occurred in Alliance, Nebraska, which is located in this District.

## PARTIES

5. Johnson is a resident of Eagle Mountain, Utah, and at all relevant times was employed by Defendant in Alliance, Nebraska.

6. At all relevant times, Defendant employed over 500 employees.

7. Defendant is a registered foreign limited liability company authorized to do business in the State of Nebraska, with its principal headquarters in Dripping Springs, Texas.

**ADMINISTRATIVE PROCESS**

8. Johnson filed a Charge of Discrimination with the Nebraska Equal Opportunity Commission ("NEOC"), Charge No. NEB 3-25/26-7-55427-RS, alleging disability discrimination. This was dually filed with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 32E-2025-00559.

9. On June 12, 2026, the NEOC issued a determination finding "sufficient evidence to support a reasonable cause finding that discrimination has occurred as alleged" for Johnson's NEOC charge.

10. Johnson brings this action within 90 days of his receipt of the notice of right to sue.

**FACTUAL BACKGROUND**

11. Johnson is diagnosed with Primary Sclerosing Cholongitis ("PSC"), a liver and bile duct disease that causes inflammation and scarring of the bile ducts, leading to liver damage and potential liver failure.

12. As a result of his PSC, Johnson struggles with, among other things, extreme tiredness and digestion issues.

13. Prior to joining HHS, Johnson made HHS aware of his disability.

14. In 2023, Johnson began working for HHS. Beginning in December of 2024, Johnson was assigned to the Culinary and Nutrition Services ("CNS") team.

15. As a member of the CNS team, Johnson would be traveling to different hospitals

to assist in their kitchens.

16. Johnson was stationed in at Box Butte General Hospital in Alliance, Nebraska but would be traveling for his work to other hospitals.

17. Johnson was set to work in a two-week period, in which he would work ten days, and have 4 days off.

18. On June 19, 2025, Johnson made an ADA accommodation request to his supervisors, Tony Paterno and Jack Wilder.

19. Johnson requested (1) extra time to use the restroom during work, (2) being able to utilize his break time to check with his spouse or doctors regarding his condition, and (3) to adjust his work schedule to be a three-week rotation, in which he would work for fifteen days, and have six days off, so that he would have more time to travel and be able to rest longer in between shifts.

20. Under HHS' ADA policy, when an employee requests a reasonable accommodation, HHS will engage with the employee in the interactive process. An employee will have 30 days to have their doctor fill out paperwork detailing the employee's condition. If the request is denied, then the employee will be offered a leave of absence.

21. Nothing in HHS' ADA policy states that failure to submit requested documents will result in termination.

22. Initially, HHS informed Johnson that they would be able to accommodate these requests, and allowed him to extend his days on and days off. HHS asked him to have his doctor fill out paperwork detailing his condition and accommodation request.

23. Due to the doctor's availability, Johnson notified HHS that his appointment with his doctor would not be until September 11, 2025.

24. In the interim period before his doctor's appointment, Johnson continued to perform all essential functions of his job without any performance issues.

25. Rather than wait the 30-day period for Johnson to submit paperwork related to his disability, continue to let Johnson work while waiting for his doctor's appointment on September 11, 2025, or offer Johnson leave until his doctor's appointment on September 11, 2025, HHS terminated Johnson on July 7, 2025, stating that he was unable to perform the essential functions of the job.

26. However, HHS did not state which essential function that Johnson was failing to perform, and Johnson was still completing all essential functions of his job, without accommodation.

27. Johnson's requested accommodations posed no undue burden on HHS, and they did not eliminate any essential function of his job.

28. The failure to continue to engage in the interactive process with Johnson constitutes discrimination based on disability.

29. HHS' decision to terminate Johnson, rather than offer leave or allow Johnson to continue to work, constitutes discrimination based on disability.

## COUNT ONE

## VIOLATION OF ADA AND NFEPA - DISABILITY DISCRIMINATION

30. Johnson repleads paragraphs 1 to 29 as fully set forth herein.

31. HHS discriminated against Johnson by terminating him on the basis of his disability in violation of the ADA.

32. Johnson's disability was a motivating factor in HHS's decision-making regarding Johnson's terms and conditions of employment.

33. HHS acted willfully, maliciously, and intentionally, with reckless indifference to Johnson's rights.

34. As a result of HHS's acts and omissions, Johnson has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, medical expenses, and other emoluments of employment.

## COUNT TWO

## VIOLATION OF ADA AND NFEPA – FAILURE TO PROVIDE REASONABLE ACCOMMODATION

35. Johnson repleads paragraphs 1 to 34 as fully set forth herein.

36. Johnson's proposed accommodations were reasonable, as they did not eliminate any essential functions of his job.

37. HHS was obligated, under their own ADA policy, to engage in the interactive process, give the employee thirty days to submit paperwork, and offer leave if the accommodations were denied.

38. Instead, HHS terminated Johnson eighteen days after making his request for accommodations, citing a failure to perform essential functions.

39. Johnson was continuing to perform essential functions of his job.

40. Johnson's proposed accommodations posed no undue burden on HHS.

41. Johnson's disability was a motivating factor in HHS's decision-making regarding

Johnson's terms and conditions of employment.

42. HHS acted willfully, maliciously, and intentionally, with reckless indifference to Johnson's rights.

43. As a result of HHS's acts and omissions, Johnson has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, medical expenses, and other emoluments of employment.

**COUNT THREE**

**VIOLATION OF ADA AND NFEPA - RETALIATION**

44. Johnson repleads paragraphs 1 to 43 as fully set herein.

45. Johnson engaged in a protected activity when he requested reasonable accommodations on June 19, 2025.

46. Johnson suffered adverse employment actions when he was fired eighteen days later, on July 7, 2025.

47. Johnson's disability was a motivating factor in HHS's decision-making regarding Johnson's terms and conditions of employment.

48. HHS acted willfully, maliciously, and intentionally, with reckless indifference to Johnson's rights.

49. As a result of HHS's acts and omissions, Johnson has in the past and will in the future suffer damages including, but not limited to mental and emotional distress; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, medical expenses, and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate him for his injuries and damages, including lost wages and benefits, compensatory damages, punitive damages, for interest as allowed by law, for his attorneys' fees, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the ADA and NFEPA.

**JURY TRIAL DEMAND**

Plaintiff requests a trial by jury.

DATED September 10, 2026.

DESTREY M. JOHNSON, Plaintiff.

By: /s/Robert J. Drust III

Robert J. Drust III - #27854
KNUDSEN, BERKHEIMER,
RICHARDSON & ENDACOTT, LLP
3800 VerMaas Place, Suite 200
Lincoln, Nebraska 68502
(402) 475-7011
Fax: (402) 475-8912
rdrust@knudsenlaw.com